UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SHAWN JULY,

         Plaintiff,

    v.

STEPHEN D'ILIO, et al.,

         Defendants.

Civil Action No. 16-4568 (MAS) (LHG)

**MEMORANDUM OPINION**

---

    Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, it appearing:

    1. Plaintiff makes various claims in the Complaint, namely that (1) he was placed into administrative segregation without due process; (2) his incoming mail, including religious and legal mail, were improperly tampered with; (3) he was subjected to unconstitutional conditions of confinement; (4) he was not allowed to practice his religion, was denied law library and paralegal access, and was not allowed contact visits while in administrative segregation.

    2. However, Plaintiff's claims appear to be time-barred. From the allegations in the Complaint, it appears that all of the incidents complained of occurred in 2013 and early 2014. For example, Plaintiff states that he was placed in administrative segregation on March 13, 2013. (Compl. 7, ECF No. 1.) He also asserts that he filed grievances regarding the lack of due process of his administrative segregation as early as May 20, 2013, filed grievance regarding the mail

tampering since November 11, 2013, and filed grievances regarding his conditions of confinement on February 10, 2014. (*Id.* at 9-10.)

3. Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859. Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims here. *Id.* Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Lagano*, 769 F.3d at 859.

4. The statute of limitations defense is an affirmative defense that the defendants generally must plead and prove. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015), if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see Stephens*, 796 F.3d at 288.

5. Here, as described above, all of the alleged incidents occurred in 2013 and early 2014. The Complaint, however, was filed on July 28, 2016 and dated July 18, 2016. (Compl. 22.) As such, Plaintiff's statute of limitations period expired long before the filing of the Complaint, and his claims are time-barred. Plaintiff attempts to overcome this time bar by stating that he is filing a class-action lawsuit, (*see* Compl. 18), but beyond conclusory statements, the Complaint is devoid of factual allegations regarding any actual violations against any specific inmate during the two years prior to the filing of the Complaint. Furthermore, *pro se* plaintiffs cannot file class action

lawsuits. *See Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners."); *Alexander v. N.J. State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) ("[A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates.").

6. In the interest of justice, to the extent that some of the alleged violations against Plaintiff may have been ongoing, the Court affords Plaintiff thirty days to amend the Complaint. The amended complaint must assert factual allegations to show that the alleged violations were ongoing within two years prior to the filing of the Complaint or, to the extent Plaintiff believes that his statute of limitations period should have been tolled, the amended complaint must assert factual allegations to support such tolling. Plaintiff may also make any other timeliness arguments as appropriate.

Michael A. Shipp
United States District Judge

Date: 11/22/16