**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SHAWN JULY,

        Plaintiff,

v.

STEPHEN D'ILIO, et al.,

        Defendants.

Civil Action No. 16-4568 (MAS) (LHG)

**MEMORANDUM OPINION**

---

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court previously dismissed the Complaint as time-barred. (Op. 2, Nov. 22, 2016, ECF No. 6.) The Court provided Plaintiff the opportunity to amend the Complaint, and presently before the Court is his Amended Complaint. (ECF No. 16.) At this time, the Court must review the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

The Court has carefully reviewed the Amended Complaint, and finds that all but one claim are still time-barred. As the Court explained in its previous opinion, the statute of limitations for § 1983 claims is two years, and every violative act alleged in the Amended Complaint, with the exception of one, occurred more than two years prior to the filing of the Complaint. Plaintiff argues that these violations are "ongoing" because he was prevented from filing administrative grievances against these violations. Plaintiff, however, cites no case law for the proposition that the inability to file grievances renders a constitutional violation "ongoing." Furthermore, Plaintiff acknowledges that he did file grievances. (*See* Am. Compl. 4 ("For cla[]rification purposes: the

plaintiff [ ] did file grievances[.]").) If Plaintiff believed that the prison affirmatively acted to prevent him from exhausting administrative remedies, he could have filed his lawsuit prior to the expiration of the statute of limitations and explained his failure to exhaust. Indeed, pursuant to Supreme Court precedent, Plaintiff does not even have to plead exhaustion in his Complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints."). As such, except for one claim which the Court addresses below, the Court finds that the Amended Complaint still asserts only time-barred claims.

Here, the only claim that the Court accepts as "ongoing" is Plaintiff's procedural due process claim regarding his confinement in administrative segregation. Although Plaintiff was placed in segregation in March of 2013, more than two years prior to filing the Complaint, Plaintiff alleges that he was continually confined in segregation for seventeen months. (Am. Compl. 2.) Since Plaintiff challenges the segregation itself, under the theory that each day while he was incarcerated in segregation essentially acted as a new violation and "renewed" his statute of limitations period, the end of his alleged segregated confinement fell just within the statute of limitations period, so the Court accepts this claim as timely. *See Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014) (holding that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitation period.") (citation omitted).

Nothing in the Amended Complaint, however, states a valid § 1983 claim. To state a valid § 1983 claim, Plaintiff must allege that a defendant acted, under the color of state law, in violation of the *federal* Constitution or *federal* law. 42 U.S.C. § 1983. As the Supreme Court has held, placement in administrative segregation, by itself, does not violate the Constitution. "[L]awful

incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (quoting *Jones v. N.C. Prisoner's Labor Union, Inc.*, 433 U.S. 119, 125 (1977)). "[S]egregated confinement d[oes] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. "[A]dministrative segregation, without more, does not deprive inmates of a constitutionally cognizable liberty interest." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). Instead, in deciding "whether an inmate's placement in segregated housing triggers a legally cognizable interest[,] courts should consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation." *Allah v. Bartkowski*, 574 F. App'x 135, 139 (3d Cir. 2014).

Here, beyond Plaintiff's claim that he was impermissibly placed within segregated confinement, there is no additional allegation that his conditions of segregation were otherwise significantly more restrictive than those of other inmates in segregation. Plaintiff alleges various violations of state law and regulations, but those are not actionable in a § 1983 action since they are not violations of *federal* law. *See Prall v. Bocchini*, No. 10-1228, 2011 WL 4457831, at *24 (D.N.J. Sept. 23, 2011) (finding that New Jersey prisoners "ha[ve] no state created liberty interest in avoiding [segregated] confinement"). To assert a procedural due process violation, Plaintiff must first assert that a substantive right has been violated. *See Fanti v. Weinstock*, 629 F. App'x 325, 330 (3d Cir. 2015); *Huertas v. Sec'y Pa. Dep't of Corr.*, 553 F. App'x 64, 66 (3d Cir. 2013) ("Procedural due process rights are triggered by deprivation of a legally cognizable liberty interest."). Segregated confinement, as stated above, does not violate a legally cognizable liberty interest. Plaintiff's seventeen months of segregated confinement, by itself, also did not violate the

Constitution. *See Young v. Beard*, 227 F. App'x 138, 141 (3d Cir. 2007) (finding that 930 days in solitary confinement, without allegations of atypical hardship, is not enough to state a violation of a cognizable liberty interest).[1] Accordingly, the Court dismisses the Amended Complaint for failure to state a claim upon which relief may be granted.

In the interest of justice, the Court affords Plaintiff one final opportunity to amend the pleadings to cure the defects identified herein. Failure to amend, to cure the defects, or to otherwise state a valid claim will result in the dismissal of the case *with prejudice*.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Date: 7/21/17

---

[1] Plaintiff also alleges that he was denied contact visits while in segregated confinement, but prisoners do not have a constitutional right to contact visits. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) ("[I]t [cannot] seriously be contended . . . that an inmate's interest in unfettered visitation is guaranteed directly by the Due Process Clause."); *Block v. Rutherford*, 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility.").